PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROSLYN OVERBY, *etc.*, | ) | CASE NO.  5:24CV1753 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | **JUDGMENT ENTRY APPROVING** |
| | ) | **JOINT STIPULATION OF** |
| THE STEP2 COMPANY, LLC, | ) | **SETTLEMENT AND RELEASE AND** |
| | ) | **DISMISSING CASE WITH** |
| Defendant. | ) | **PREJUDICE** |
| | ) | [Resolving ECF No. 30] |

Pending is the parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal With Prejudice (ECF No. 30) pursuant to §16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  The parties move the Court to approve, as fair and reasonable, the proposed Joint Stipulation of Settlement and Release (ECF No. 30-1), as well as the Notice of Settlement of Lawsuit (ECF No. 30-2 at PageID #: 162-63) to Potential Opt-In Plaintiffs and Consent and Release Form (ECF No. 30-2 at PageID #: 164).  Having reviewed the Joint Motion and exhibits attached thereto, as well as the pleadings and papers on file in this lawsuit, and for good cause shown therein, the Court grants the Joint Motion and enters the within Order and final judgment approving the settlement as follows:

1.  Plaintiff Roslyn Overby's Complaint (ECF No. 1) asserts wage-and-hour claims for overtime compensation under the FLSA, 29 U.S.C. § 201 *et seq.*, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code § 4111.03, on behalf of herself and Opt-In Plaintiffs who subsequently affirmatively agree to be bound by the settlement by signing and

(5:24CV1753)

returning the Consent and Release Form (ECF No. 30-2 at PageID #: 164).  Defendant The Step2

Company, LLC has denied any such violations.

2.  Chastity L. Christy and Anthony J. Lazzaro and The Lazzaro Firm, LLC are appointed

as Class Counsel.  The Court finds that these attorneys will fairly and adequately represent the

interests of the class, in consideration of the work counsel has done in identifying or

investigating potential claims in this action, counsel's experience in handling wage-and-hour

claims for overtime compensation, and FLSA and OMFWSA claims of the type asserted in this

action, counsel's knowledge of the applicable law, and the resources counsel will commit to

representing the class.

3.  Between November 2024 and June 2025, the parties engaged in a comprehensive

exchange of information regarding Plaintiff's claims and Defendant's defenses to such claims.

This included extensive calculations of Plaintiff's and the Eligible Settlement Participants'

alleged potential overtime damages.  *See* Declaration of Counsel Chastity L. Christy (ECF No.

30-4) at PageID #: 173, ¶ 18.  The Court finds that the settlement resulted from arms-length

negotiations between experienced counsel after substantial investigation.

4.  Opt-In Plaintiffs, who will be covered by the settlement, will include Representative

Plaintiff Roslyn Overby and all other individuals who join this action by signing and returning

the Consent and Release Form (ECF No. 30-2 at PageID #: 164) who are former and current

non-exempt manufacturing/production employees of The Step2 Company, LLC employed in the

State of Ohio, who were paid any type of bonus or pay differential beyond their standard hourly

rate at any time between January 1, 2023 and November 14, 2024, but for whom Defendant did

(5:24CV1753)

not include the bonus(es) or pay differential(s) in the regular rate of pay for purposes of overtime compensation and whom are allegedly still owed overtime compensation and/or liquidated damages.

5.  "For settlement purposes only, the Parties agree that Representative Plaintiff and the Eligible Settlement Participants are similarly situated for purposes of 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") and therefore consent to sending Court-facilitated notice of pendency of this action and proposed settlement thereof to the Eligible Settlement Participants." ECF No. 30-1 at PageID #: 153, ¶ 17.

6.  The mediation conference conducted in June 2025 by Federal Court Panelist Natalie M. Stevens and subsequent conversations between the parties resulted in a global settlement encompassing all issues.  Thereafter, the docket was marked "settled and dismissed without prejudice."  *See* Order of Dismissal (ECF No. 27).

7.  The Court finds that the proposed settlement is fair, reasonable, and adequate and satisfies the standard for approval under 29 U.S.C. § 216(b).  *See Hill v. Medicare Transport, Inc.*, No. 5:19CV1582, 2019 WL 5425167, at *1 (N.D. Ohio Oct. 22, 2019) (Pearson, J.) (courts should consider (1) the existence of fraud or collusion behind the settlement, (2) the complexity, expense, and likely duration of the litigation, (3) the stage of the proceedings and the amount of discovery completed, (4) the probability of plaintiff's success on the merits, (5) the range of possible recovery, and (6) the opinions of the counsel in determining whether a proposed FLSA settlement is fair and reasonable).

(5:24CV1753)

8.  The Court approves the Joint Stipulation of Settlement and Release (ECF No. 30-1), and orders that the Settlement Agreement be implemented according to its terms and conditions and as directed herein.

9.  The Court also approves the Notice of Settlement of Lawsuit (ECF No. 30-2 at PageID #: 162-63) and Consent and Release Form (ECF No. 30-2 at PageID #: 164).  In addition, the notice protocols described in Paragraph 42 of the Joint Stipulation of Settlement and Release (ECF No. 30-1 at PageID #: 157) are approved.  *See* Fed. R. Civ. P. 83(b); 29 U.S.C. § 216(b).  Notice shall be sent to the 657 employees as defined in ECF No. 30-1 at PageID #: 152, ¶ 5 who have not already joined the case – "former and current non-exempt manufacturing/production employees of The Step2 Company, LLC employed in the State of Ohio, who were paid any type of bonus or pay differential beyond their standard hourly rate at any time between January 1, 2023 and November 14, 2024, but for whom Defendant did not include the bonus(es) or pay differential(s) in the regular rate of pay for purposes of overtime compensation and whom are allegedly still owed overtime compensation and/or liquidated damages" – pursuant to the protocols outlined in the Joint Stipulation of Settlement and Release.

10.  Potential Opt-Ins desiring to include themselves in the settlement must do so by completing the Consent and Release Form (ECF No. 30-2 at PageID #: 164) sent by Class Counsel.  Completed Consent and Release Forms must be returned to Class Counsel pursuant to the instructions in ECF No. 30-2 at PageID #: 162-63 and must be signed electronically (eSigned) via PDF, postmarked, faxed or emailed to Class Counsel within the 45 day Consent Period.  All timely executed Consent and Release Forms from eligible Opt-In Plaintiff settlement

4

(5:24CV1753)

participants must be filed by Class Counsel with the Court within 10 business days after the

consent period is completed.

11.  The Court finds the following are fair and reasonable:  (1) the maximum eligible

FLSA Opt-In Settlement amount of $156,000; (2) the amount of $100,969.00 allocated to be paid

to Settlement Class Members and divided into Individual Payments for all of the employees who

are eligible to join the Settlement; and, (3) the distribution methodology, which determined each

Settlement Class Member's individual settlement payment as described in Appendix 1 to the

Joint Stipulation of Settlement and Release (ECF No. 32).[1]  The Court orders that such payments

be distributed in the manner, and subject to the terms and conditions, set forth in ECF No. 30-1.

12.  The Court approves distribution of the Notices of Settlement of Lawsuit (ECF No.

30-2 at PageID #: 162-63) and Consent and Release Forms (ECF No. 30-2 at PageID #: 164) by

Class Counsel.  The Court approves $1,096.00 in out-of-pocket costs associated with printing

and mailing ECF No. 30-2 to the 657 Eligible Opt-In Plaintiffs.

13.  The Court approves all requested payments to Class Counsel (for attorneys' fees

($52,000) and expense reimbursement ($435)) and Representative Plaintiff Roslyn Overby (for a

Service Award ($1,500)) as reasonable, and orders that such payments be made in the manner,

and subject to the terms and conditions, set forth in the Joint Stipulation of Settlement and

Release (ECF No. 30-1).

---

[1]  The Appendix (ECF No. 32) contains individuals' identifying information.  In compliance with a prior Order (ECF No. 31) and Electronic Filing Policies and Procedures Manual (Feb. 10, 2020) at §§ 19 and 24, the parties filed ECF No. 32 under seal.

(5:24CV1753)

14.  The Court dismisses the Complaint (ECF No. 1) and all federal and state wage-and-hour claims of Plaintiff Roslyn Overby and Opt-In Plaintiffs with prejudice in their entirety.  Except for as provided in the Joint Stipulation of Settlement and Release (ECF No. 30-1), each party shall bear its own costs, including attorneys' fees.

15.  The Court, finding there is no just reason for delay, hereby enters final judgment and directs the Clerk of the Court to immediately enter the within Judgment Entry.

16.  The Court retains jurisdiction over the case at bar to enforce the terms of the Joint Stipulation of Settlement and Release (ECF No. 30-1) and to resolve any and all disputes thereunder.


IT IS SO ORDERED.


October 21, 2025                                   /s/ Benita Y. Pearson
Date                                                  Benita Y. Pearson
                                                     United States District Judge